UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHIVA STEIN,

            Plaintiff,

    v.

ARGAN, INC.,

            Defendant.

CIVIL ACTION NO. _____

---

## COMPLAINT

Plaintiff, Shiva Stein, alleges, upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys, except as to those allegations that pertain to the plaintiff herself, which are alleged upon knowledge, as follows:

## NATURE OF THE ACTION

1. This is a stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the Exchange Act), 15 U.S.C. § 78n(a), and the rules and regulations of the United States Securities and Exchange Commission (the SEC).

2. Plaintiff, a shareholder in Defendant Argan, Inc., seeks an injunction to prevent a vote by its shareholders on Management Proposal 2 in the 2017 Proxy Statement for the annual meeting of Argan shareholders scheduled for June 22, 2017.  The grounds for this injunction are Defendant's failures to comply with the SEC's disclosure requirements for proxy statements.

3. Management Proposal 2 requests that the shareholders approve an amendment to the 2011 Stock Plan ("Amended 2011 Plan"), which proposes to allow Argan to award 2,750,000 shares to participants in the plan.  But it is unclear how many participants are in the plan and why they are receiving these awards.  SEC Rule 14a-3(a), 17 C.F.R. § 240.14a-3, requires that public

companies may not solicit shareholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A," 17 C.F.R. § 240.14a-101.  Item 10(a)(1) of Schedule 14A specifically requires that "[i]f action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed," the proxy statement soliciting this vote must "[d]escribe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation."

4. Proposal 2 of the 2017 Proxy Statement fails to disclose the classes of eligible participants, their approximate number, and the basis of their participation in the 2017 Equity Incentive Plan.  Thus, the 2017 Proxy Statement does not comply with the SEC rules and regulations, and the Court should enjoin that vote unless and until Defendant furnishes its shareholders with a supplemental proxy statement with those specific disclosures.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

6. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

7. Venue is proper in this district because, as allowed under Section 27(a) of the Exchange Act, this district is where the violation at issue in this case occurred because the Plaintiff is a resident of this district.

## PARTIES

8. Plaintiff is, and has been continuously since June 2014, a holder of Argan common stock.

9. Argan is a corporation organized under the laws of the State of Delaware. The Company's last fiscal year ended January 31, 2017. As of April 25, 2017, it had 15,485,719 shares of common stock outstanding. Argan's common stock is traded on the New York Stock Exchange under the symbol AGX. Argan provides a range of engineering, procurement, construction, commissioning, operations management, maintenance, development, technical and consulting services to the power generation and renewable energy markets.

## **WRONGFUL ACTS AND OMISSIONS**

10. Argan has scheduled the annual shareholders' meeting for June 22, 2017. On May 8, 2017, it furnished its shareholders with the 2017 Proxy Statement to solicit their proxies for four management proposals and to transact other business that may properly come before the annual meeting.

11. Management Proposal 2 requests that the stockholders approve the Amended 2011 Plan, including 750,000 newly authorized shares of Common Stock, which Argan will be able to grant to participants in the plan immediately after the stockholder vote. But this proposal fails to provide sufficient – and federally required – information for Argan stockholders to understand how many participants there are in the plan or why they are eligible for such shares.

12. Because Management Proposal 2 concerns a stockholder vote on a compensation plan, the SEC's rules and regulations require the 2017 Proxy Statement to disclose certain information concerning the Amended 2011 Plan. Specifically, Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101 states:

> Compensation Plans. If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> (a) Plans subject to security holder action.

> (1)  Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

But the 2017 Proxy Statement omits these disclosures.

13. Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Management Proposal 2 only tells stockholders the following about who will receive these awards:

> Incentive stock options may be granted only to employees of the Company (including directors who are employees), while non-qualified options may be issued to employees, directors (whether or not an employee) and consultants of the Company.

> Employees, directors and consultants shall also be eligible to receive grants of restricted and/or unrestricted stock under the Stock Plan. Our Board of Directors has the authority to determine those individuals who shall receive Awards and the number of shares of our Common Stock subject to such Awards. The Board of Directors shall also determine the time periods during which stock options granted under the Stock Plan may become partially or fully exercisable and the exercise price for each stock option granted under the Stock Plan, subject to certain limitations described therein.

14. Nowhere in the 2017 Proxy Statement does Argan disclose the number of "Employees, directors and consultants" of Argan and nowhere does Argan state the basis of their participation. Thus, it is entirely unclear from the 2017 Proxy Statement how many participants will be awarded the 750,000 newly authorized shares of Common Stock that stockholders are being asked to approve or the basis of their receipt of such awards.

15. This contravention of the SEC rules renders the 2017 Proxy Statement unlawful under § 14(a) of the Exchange Act.

16. As stated above, the Amended 2011 Plan will allow for 750,000 newly authorized shares of Common Stock to be awarded immediately after the stockholder vote. Two years ago, stockholders provided an additional 750,000 new shares under the 2011 Plan. This increased the

4

number of shares available for awards at Argan to 977,000.  According to the 2017 Proxy Statement, only 340,000 now remain for awards.  As such, the Company has awarded 637,000 shares in the last two years.  Thus, the 750,000 shares that will be available for awards should stockholders approve Management Proposal 2 will very likely be awarded soon after the vote is held.

17.     The preceding paragraphs state a direct claim for relief against Argan under § 14(a) of the Exchange Act for acting in contravention of the rules and regulations prescribed by the SEC.

18.     As a result of these actions, plaintiff will be injured, and she has no adequate remedy at law.  She will suffer irreparable harm on Management Proposal 2 if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the Amended 2011 Plan allows for 750,000 new shares to be granted to an unknown number of "Employees, directors and consultants" of Argan immediately after this vote and then immediately vest.  Unwinding these awards will be impossible.

19.     To ameliorate the injury, injunctive relief is required in the form of an amended proxy statement that provides the information required by Item 10(a)(1) of Schedule 14A with regard to Proposal 2.

20.     Consequently, Argan should be enjoined from presenting Proposal 2 for a stockholder vote at the June 22, 2017 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Argan shareholder in connection with Proposal 2 in the 2017 Proxy Statement.

**RELIEF REQUESTED**

**WHEREFORE,** Plaintiff requests the following relief:

  A. A preliminary and permanent injunction, enjoining Argan from

    (i) certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Argan shareholder in connection with Proposal 2 in the 2017 Proxy Statement;

    (ii) presenting Proposal 2 for a shareholder vote at the June 22, 2017 annual meeting;

  B. A preliminary and permanent injunction requiring Argan to furnish a supplemental proxy statement with the information required by 17 C.F.R. §240.14a-101, Item 10(a)(1).

  C. Otherwise proceeding at its June 22, 2017 annual shareholders meeting or at any other time in a manner inconsistent with Item 10(a)(1).

  D. Awarding such other and further relief as this Court deems just and proper.

              **BARRACK, RODOS & BACINE**

              By: /s/ A. Arnold Gershon
                A. Arnold Gershon
                Michael A. Toomey
                Eleven Times Square
                640 8th Ave., 10th Floor 10036
                New York, NY 10022
                Telephone: (212) 688-0782
                Facsimile: (212) 688-0783

                *Attorneys for Plaintiff*